**Donald NELSON, Appellant,**

v.

**Evangeline CHANEY and The Attorney General of Texas, Appellees.**

**No. 01–04–01058–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 2006.

Ronald G. Ray, Spring, for Appellant.

Kathryn Marie Diaz, Child Support Division, Houston, Rhonda Pressley, Asst. Atty. Gen., Child Support Division Appeals & Research Section, John B. Worley, Child Support Division, Austin, for Appellees.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Donald Nelson, appeals a summary judgment order denying his petition for bill of review to set aside an order finding Nelson to be the father of K.N. In two issues on appeal, Nelson argues that the trial court erred (1) in finding that Nelson failed to present a meritorious prima facie defense to the underlying case and (2) by granting the summary judg-

ment motion of appellees, Evangeline Chaney (K.N.'s mother) and the Attorney General of Texas (a party in interest).

We affirm.

## BACKGROUND

Chaney gave birth to K.N. on July 12, 1997. Approximately three months later, the Attorney General filed suit to establish Nelson's paternity of K.N. At the time of the suit, Nelson was an inmate in the Texas Department of Criminal Justice.[1] Nelson admits being served while he was incarcerated, although he failed to file a response of any kind or to request the assistance of counsel. After Nelson failed to answer, a default paternity judgment was entered on November 5, 1998. The judgment found Nelson to be K.N.'s biological father and established the parent-child relationship between Nelson and K.N.

Nelson was released from prison in 2002. On July 18, 2002, Nelson signed an agreed child support order appointing him joint managing conservator of K.N., ordering him to pay $305 each month for her support, and awarding him standard visitation rights. In May 2003, Nelson brought a motion for enforcement by contempt of his child visitation rights. The motion alleged that Chaney was preventing Nelson from visiting with K.N. in violation of the agreed July 18, 2002 child support order. Three months later, in August 2003, Nelson was held in contempt for failure to pay K.N.'s child support.

On January 24, 2004, Nelson filed a petition for bill of review asking the trial court to order DNA testing and to grant a new trial for the purposes of determining whether or not he was K.N.'s father.[2] Nelson's amended petition (1) contended that his incarceration had prevented him from requesting DNA testing prior to entry of the 1998 paternity judgment and (2) alleged that "extrinsic fraud ... denied him the opportunity to fully litigate his rights and defenses at trial." The petition neither specified how Nelson's incarceration prevented him from requesting a DNA test nor elaborated on the nature of the extrinsic fraud he alleged.

At a July 26, 2004 hearing, the trial court indicated that Nelson's petition was flawed on its face, noting that "[the petition] doesn't allege any of the reasons that we have to have for a bill of review, meritorious defense prevented by fraud or mistake from being asserted unmixed by any negligence of his own." Nevertheless, the court ordered that DNA testing be done to determine whether Nelson was K.N.'s biological father. Per the court's order, the testing was to be arranged and paid for by Nelson alone.

Following the July 26 hearing, the Attorney General moved for summary judgment. The trial court granted the Attorney General's motion after a hearing on September 20, 2004, summarily dismissing Nelson's petition for bill of review. At the September 20 hearing, Nelson attempted to introduce into evidence the results of a DNA test purportedly excluding him from being K.N.'s father. Over the Attorney General's objection, the trial court allowed Nelson to admit the test results as a bill of exception. The results state in bold print "self-collection case, non-legal" and "the

---

1. The record does not include the reason for Nelson's incarceration, although it does indicate that he was serving a five-year sentence.

2. Nelson's petition was filed approximately seven months after he had sought to enforce his visitation rights, four months after being held in contempt for failure to pay child support, and five years after the order establishing a parent-child relationship.

identity of the test participants was not verified during specimen collection."

## DISCUSSION

On appeal, Nelson argues that he satisfactorily presented a prima facie meritorious defense, and thus contends that the trial court erred in granting the Attorney General's motion for summary judgment.

### Standard of Review

■■■ Summary judgment is a question of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2003). Thus, we review a trial court's summary judgment decisions de novo. *Id.* The standard of review for a traditional summary judgment motion is threefold: (1) the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. TEX.R. CIV. P. 166a(c); *Pustejovsky v. Rapid–Am. Corp.*, 35 S.W.3d 643, 645–46 (Tex.2000); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant seeking summary judgment must as a matter of law negate at least one element of each of the plaintiff's theories of recovery or plead and prove each element of an affirmative defense. *Missouri Pac. R.R. v. Lely Dev. Corp.*, 86 S.W.3d 787, 790 (Tex.App.-Austin 2002, pet. dism'd). If a trial court's order granting summary judgment does not specify the basis for the court's ruling, as is the case here, the summary judgment will be affirmed if any of the theories advanced by the movant is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

### Petition for Bill of Review

■■■ A bill of review "is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex.2004). Because of the importance our legal system places on the finality of judgments, bills of review are permitted only in exceptional circumstances. *See Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). To prevail, the petitioner must plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 96. Only "extrinsic fraud" will support a bill of review. *See Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989); *Ince v. Ince*, 58 S.W.3d 187, 190 (Tex.App.-Waco 2001, no pet.). Extrinsic fraud is fraud that is collateral to the matter being tried and prevents a litigant from having a fair opportunity to assert his rights at trial. *Ince*, 58 S.W.3d at 190. Conversely, "intrinsic fraud" relates to matters that could have been litigated in the initial action, including fraudulent instruments and perjured testimony. *Id.* A petitioner by bill of review must allege, with particularity, sworn facts sufficient to constitute a meritorious defense and must present prima facie proof to support the contention at a pretrial hearing. *Caldwell*, 154 S.W.3d at 96; *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *Amanda v. Montgomery*, 877 S.W.2d 482, 486 (Tex. App.-Houston [1st Dist.] 1994, no pet.). Successfully establishing a prima facie meritorious defense, together with the other requisites of a bill of review, entitles the petitioner to a new trial of the underlying cause of action. *See Caldwell*, 154 S.W.3d at 97.

### Nelson's Petition for Bill of Review

In his first issue on appeal, Nelson contends that he did plead and prove a meritorious prima facie defense, and, therefore, the trial court erred in granting the Attorney General's summary judgment motion. We disagree. Nelson's petition, on its face, fails to plead satisfactorily the requisite elements for a bill of review.

Nelson's alleged meritorious defense appears to be that he is the not the biological father of K.N., but his incarceration prevented him from requesting DNA testing prior to the 1998 paternity hearing. The record reflects, however, that Nelson was properly served despite his incarceration. Under former section 160.101 of the Texas Family Code, in effect when the Attorney General brought suit, to trigger the court's authority to order paternity testing Nelson needed only to mail a response to the court expressly denying paternity.[3] Nelson's petition and statements at the applicable hearings provide no explanation for why he was prevented from doing this, and the case law itself contains several examples of inmates filing general denials or answers to paternity suits. *See, e.g., In the Interest of Z.L.T.,* 124 S.W.3d 163, 164 (Tex.2003); *In the Interest of M.M.,* 980 S.W.2d 699, 700 (Tex.App.-San Antonio 1998, no pet.). Thus, Nelson's decision not to file a response to the Attorney General's paternity suit was not unmixed with any fault or negligence of his own. *See Caldwell,* 154 S.W.3d at 96.

Moreover, Nelson's petition does not adequately allege that his failure to invoke a meritorious defense at the original proceeding stemmed from the extrinsic fraud, accident, or wrongful act of another party. The petition does claim

that Nelson was the victim of extrinsic fraud, but it provides no sworn facts stating with particularity the nature of the fraud, who committed it, or how it was perpetrated. At the July and September 2004 hearings on his petition, and on appeal, Nelson argued that Chaney committed extrinsic fraud by convincing him that K.N. was his baby. Even knowingly lying about a child's parentage, however, has been held not to constitute extrinsic fraud, but intrinsic fraud, that is, fraud that could have been litigated in the underlying paternity suit in which Nelson allowed a default judgment to be taken against him. *See Ince,* 58 S.W.3d at 191; *Wise v. Fryar,* 49 S.W.3d 450 (Tex.App.-Eastland 2001, pet. denied), *(cert. denied ),* 534 U.S. 1079, 122 S.Ct. 808, 151 L.Ed.2d 694 (2002). Intrinsic fraud will not support a bill of review because each party must guard against adverse findings on issues presented in the underlying cause of action. *See Temple v. Archambo,* 161 S.W.3d 217, 224–25 (Tex.App.-Corpus Christi 2005, no pet. h.).

To prove extrinsic fraud, Nelson had to present a prima facie case that Chaney prevented him from having a fair opportunity to assert that he was K.N.'s father in the paternity suit brought by the Attorney General. *See Ince,* 58 S.W.3d at 190–91. Nelson was put on notice by the very nature of the paternity proceeding that he could avail himself of the defense of nonpaternity and that he could obtain a DNA test to support his defense. Nelson presents no sworn facts showing that Chaney prevented him from availing himself of DNA testing at the time of the paternity suit. Thus, his contention that he was prevented by extrinsic fraud from establishing his non-paternity is without merit.[4]

---

3. Act of April 20, 1995, 74th Leg., R.S., ch. 20, 1995 Tex. Gen. Laws 209, *amended by* Act of June 14, 2001, 77th Leg., R.S., ch. 821, § 1.01, 2001 Tex. Gen. Laws 1610, 1612.

4. We further note that Nelson's petition for

*See In the Interest of R.J.P.*, 179 S.W.3d 181, 186 (Tex.App.-Houston [14th Dist.] 2005, no pet. h.).

### Summary Judgment

In his second issue on appeal, Nelson contends that the trial court erred in granting the Attorney General's summary judgment motion to dismiss his bill of review. As the defendant in this case, the Attorney General was entitled to have his motion for summary judgment granted if he could negate, as a matter of law, at least one necessary element of Nelson's bill of review. *See Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex.1996). As noted, Nelson failed to establish either a meritorious prima facie defense or extrinsic fraud. Thus, Nelson did not satisfy the requisite elements of his theory of recovery and the Attorney General's motion for summary judgment was properly granted. We therefore overrule Nelson's second issue on appeal.

■ Finally, although we affirm its judgment, we note that the trial court abused its discretion in ordering DNA testing. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Here, absent Nelson's making out a successful prima facie case for bill of review, which he failed to do, the trial court lacked the discretion to order a DNA test. *See In re Attorney General of Texas*, No. 09-05-00351-CV, 184 S.W.3d 925, 929 (Tex. App.-Beaumont 2006, no pet. h.) (holding that trial court abused its discretion in ordering DNA testing for determination of paternity when petitioner failed to meet

initial requirements for bill of review); *Amanda*, 877 S.W.2d at 485 (holding that order allowing discovery was improper because petitioner's bill of review was fatally flawed). The sole question before the trial court, as it is before this court, was whether Nelson was entitled to relief by bill of review as a matter of law. Had such a determination been made, thus allowing Nelson to re-litigate the issue of paternity, it would have been appropriate to order DNA testing. Without such a determination, however, the trial court's order effectively facilitated the gathering of evidence to undermine a final judgment that as a matter of law could not be upset. Because conclude that Nelson is not entitled to a bill of review, we decline to consider the DNA tests he submitted under his bill of exception.

### CONCLUSION

We affirm the judgment of the trial court.

bill of review was barred by limitations. Absent a showing of extrinsic fraud, the statute of limitations for a bill of review is four years from the date of the disputed judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 2003); *Defee v. Defee*, 966 S.W.2d 719,

722 (Tex.App.-San Antonio 1998, no pet.). Thus, because Nelson failed to show extrinsic fraud, limitations on his ability to file a petition for bill of review ran in 2002, four years after the order establishing the parent-child relationship was signed.