Opinion issued December 11, 2008
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00670-CV
____________

IN RE THE OFFICE OF THE ATTORNEY GENERAL, Relator




Original Proceeding on Petition for Writ of Mandamus




O P I N I O N

          Relator, the Office of the Attorney General (“OAG”), complains of the October
13, 2008 “First Amended Order Vacating Default Judgment” and of the August 8,
2008 “Order for Parentage Testing” signed by the trial judge


 upon the granting of the
bill of review of the real party in interest, Robert E. Phillips Jr. We determine (1)
whether the trial judge abused her discretion in granting the bill of review and in
vacating the underlying default judgment adjudging Phillips’s paternity; (2) whether
the trial judge abused her discretion in ordering paternity testing for purposes of
retrial of the paternity action; and (3) whether an adequate remedy by appeal exists
for either order. We conditionally grant the petition for writ of mandamus.
Background
          This mandamus proceeding arises out of two interlocutory orders that together
granted a bill of review, set aside a default judgment of paternity, reinstated the
paternity suit, and ordered paternity testing for purposes of retrial. 
          On August 1, 2007, the OAG filed a suit affecting the parent-child relationship
(“SAPCR”) to establish the parent-child relationship between Phillips and K.D.P., the
child born to Beverly J. Duncan on October 28, 2004. It was undisputed that Phillips
was served with citation on September 10, 2007, but that he did not file an answer. 
The SAPCR case was set for hearing on November 15, 2007, and Phillips admitted
receiving notice of the hearing date.
          Phillips did not appear at the November 15 hearing, and the trial court rendered
a default judgment against him that same day. The default judgment, among other
things, established the parent-child relationship between Phillips and K.D.P.;
established conservatorship of K.D.P.; and ordered Phillips to pay child support, both
prospectively and retroactively. 
          The OAG and Phillips disputed in the later bill-of-review proceedings whether
the trial-court clerk notified Phillips of the default judgment. Nonetheless, Phillips
admitted that, on December 3, 2007—within the trial court’s plenary power—he
received notice that his wages were being garnished pursuant to the default judgment. 
It is undisputed that Phillips, who had not hired counsel at that point, did not file a
motion for new trial in the suit or appeal the default judgment.
          Instead, on December 21, 2007, Phillips administered a DNA test to himself
and K.D.P. and sent the samples off for testing. The resulting paternity test report,
dated December 28, 2007, excluded him as K.D.P.’s father. The report contained a
notation that “[f]ailure to comply” (as happened here) with chain-of-custody measures
“may render this report inadmissible in a court of law.” The report was also not in
admissible form and did not meet all of the Texas Family Code’s substantive
requirements. See Tex. Fam. Code Ann. §§ 160.503(a), (b), 160.504(a) (Vernon
2002).
          On March 25, 2008, Phillips—by then represented by counsel—timely filed a
petition for bill of review to set aside the default judgment and to vacate the wage-withholding order. See Tex. R. Civ. P. 329b(f). He also sought attorney’s fees and
“exemplary damages” from Duncan for acting with “conscious indifferences” [sic]
for not having told him that he was not the only “recipient of her sexual activity” and
thus not necessarily the father of K.D.P. The bill-of-review petition’s allegations
were supported by Phillips’s affidavit:
I was unable to attend the trial in this cause due to being trapped out of
state under blizzard snow conditions. My inability to attend the trial in
this case was not due to any fault or negligence on my part, but [was] a
result of severe weather conditions that made travel impossible. Once
I received notice of the wage withholding order, I immediately did
paternity testing with the child in this case and learned that I was
excluded as the biological father of [K.D.P.].

          The OAG answered and raised various “affirmative defenses” that parallel the
arguments that it raises before us. The OAG also specially excepted to the bill-of-review petition for not alleging the basic elements of a bill of review. 
          An associate judge heard the bill of review on April 30, 2008. Phillips testified
that:
●he was notified of the November 15, 2007 hearing date;
 
●he went to Iowa from November 3, 2007 through November 22,
2007 to work;
 
●he was “snowed in” in Iowa around the time of the hearing;
 
●Duncan had nothing to do with the fact that he was in Iowa, and
she did not prevent him from attending the hearing;
 
●he left messages on an answering machine at the OAG’s office on
November 14 and 15, 2007 that he could not make the hearing;



 
●the OAG did not call him back;
 
●he “was hoping” that the OAG would reset the hearing, based on
his phone messages;
 
●he heard nothing until he received the notice of wage withholding
on December 3, 2007;
 
●he did not file a motion for new trial;
 
●he learned from the December 28, 2007 genetic-testing report that
he was not K.D.P.’s father; and
 
●the delay in his hiring counsel and filing his bill-of-review
petition was due to his need to raise money to hire counsel.

          The associate judge ruled that the bill of review be denied and the case be
dismissed, concluding that “the prima facie requirement for establishing prima facie
evidence and finding a meritorious defense has not been met.” On May 1, 2008, the
associate judge signed a report, in the form of a proposed “order denying bill of
review,” that denied the bill of review without stating his reasons and did not contain
findings or conclusions. See Tex. Fam. Code Ann. § 201.011(a) (Vernon Supp.
2008).
          Phillips “appealed” the associate judge’s report the next day by requesting a de
novo hearing before the referring court. See id. § 201.015 (Vernon Supp. 2008). The
OAG objected to the request for a de novo hearing because (1) the pertinent statute
required that the request specify the issues that would be presented to the referring
court


 and (2) the issues that Phillips specified were irrelevant to a bill-of-review
proceeding. At the May 21, 2008 hearing, without taking any evidence, the trial
judge sustained the OAG’s objection and orally adopted the associate judge’s
proposed order. That same day, the trial judge signed an order reciting that it
“sustained [the OAG’s] Oral Motion to Dismiss” and adopted the associate judge’s
ruling as her own. See id. §§ 201.013(b), 201.014(a)(1) (Vernon Supp. 2008).
          On June 18, 2008, Phillips moved for new trial of the May 21, 2008 ruling, and
the OAG responded. The motion for new trial was heard on August 1, 2008. At the
hearing, Phillips generally testified to the matters to which he had testified at the
April 30 hearing, but added that his employer would not let him off his job in Iowa
to attend the November 15 hearing and that Duncan “was not excited at all” and
“wasn’t surprised” when he told her that the paternity test had excluded him as the
father. At the close of evidence, the trial judge orally granted the motion for new
trial, ordered paternity testing, set “the case” for trial on October 13, 2008, and set the
entry of the new-trial order for August 8, 2008.
          On August 7, 2008, the OAG moved for reconsideration and to stay genetic
testing. On August 8, 2008, the trial judge heard the OAG’s motions and considered
the entry of the new-trial order. At the start of the hearing, the OAG noted that
Phillips’s proposed order adjudicated the merits of the bill of review, rather than
purporting just to grant the new-trial motion and to reinstate his request for a de novo
hearing on his bill of review. However, the OAG did not object. Additionally, when
the trial judge later advised the OAG that it had granted Phillips’s bill of review on
August 1, 2008—rather than just reinstating his request for a de novo hearing on his
bill of review—the OAG did not object, but instead proceeded to discuss the merits
of the bill of review, as if it had been granted on August 1. Phillips did likewise. The
trial judge’s August 1 order granting a new trial thus became, as of August 8, an order
granting the bill of review, and the parties then tried by consent reconsideration of
that ruling. At the end of the hearing, the trial judge verbally denied the OAG’s
motions. 
          That same day, the trial judge signed an order entitled “Order Vacating Default
Judgment,” which vacated the November 15, 2007 default judgment. The order also
contained the following recitation under the heading “Findings”: “The Court finds
that [Phillips] has made a prima facie showing of a meritorious defense and hereby
grants his Bill of Review and vacates the November 15, 2007 Default Judgment in
this cause.” (The trial judge struck by hand the indicated text.) The order then set the
trial “in this cause”—ostensibly now the adjudication of paternity itself, as there were
no other matters to be tried after the bill of review had been granted and the default
judgment set aside—for October 13, 2008. This August 8 order is the first order of
which the OAG complains in this proceeding. Also on August 8, 2008, the trial judge
signed a separate order requiring that genetic testing be completed before 5:00 p.m.
that same day. The OAG also complains of this second August 8 order in this
proceeding.
          On August 14, 2008, the OAG filed its petition for writ of mandamus,
complaining about the trial judge’s two orders of August 8, 2008. On its motion, we
stayed the order for genetic testing pending the disposition of the mandamus
proceeding.


 On October 31, 2008, Phillips filed a response to the OAG’s petition for
writ of mandamus.
          After the mandamus petition was filed, the trial court rendered a series of oral
and written rulings that culminated in a “First Amended Order Vacating Default
Judgment,” signed October 13, 2008. The October 13 amended order was identical
to the August 8 order vacating the default judgment in all material respects except
that it retained the language about granting the bill of review that had been struck
from the “findings” in the August 8 order and added decretal language that “the Bill
of Review is granted as of August 1, 2008.” This amended order superseded the
August 8 order and moots the OAG’s complaint about the August 8 order. See
Anderson v. Teco Pipeline Co., 985 S.W.2d 559, 562 (Tex. App.—San Antonio 1998,
pet. denied) (holding that later judgment, styled “amended final judgment,” implicitly
vacated earlier judgment, styled “final judgment”); see also In re Messervey Trust,
No. 04-00-00700-CV, 2001 WL 55642, at *3 (Tex. App.—San Antonio Jan. 24,
2001, orig. proceeding) (not designated for publication) (“We have no jurisdiction to
issue a writ of mandamus based on the July 27 order because it has been super[s]eded
by the September 1 order, rendering the earlier stay moot.”). However, the OAG also
complains in this proceeding about the October 13 amended order, and it is this order
that we consider first. See id. at *3 (considering mandamus petition to extent that it
challenged later order that superseded earlier order). As for the order granting
paternity testing, the record indicates that it was vacated sua sponte on August 14, but
that it was reinstated by order of the trial court on September 22, 2008. The OAG
continues to challenge the reinstated order granting paternity testing, and we consider
this order as well.
Mandamus Standard
          “We grant the extraordinary relief of mandamus only when the trial court has
clearly abused its discretion and the relator lacks an adequate appellate remedy.” In
re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008).
 
 
Standards for Bill of Review
A.      Pleading
          “A bill of review is an independent equitable action brought by a party to a
former action seeking to set aside a judgment, which is no longer appealable or
subject to motion for new trial.” Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex.
1979). The bill-of-review petition “must allege factually and with particularity that
the prior judgment was rendered as the result of fraud, accident or wrongful act of the
opposite party or official mistake unmixed with his own negligence.” Id. at 408. 
“The [bill-of-review] complainant must further allege, with particularity, sworn facts
sufficient to constitute [a meritorious] defense . . . .” Id.
B.      Prima Facie Burden
          “[A]s a pretrial matter,” the complainant who is not alleging non-service


 must
additionally “present prima facie proof to support the contention” that he has a
meritorious defense, which has the purpose of assuring the court “that valuable
judicial resources will not be wasted by conducting a spurious ‘full-blown’
examination of the merits.” Id. Such a “prima facie meritorious defense is made out
when . . . the complainant’s defense is not barred as a matter of law and . . . he will
be entitled to judgment on retrial if no evidence to the contrary is offered,” which
determination is “a question of law for the court.” Id. at 408–09. “If the court
determines that a prima facie meritorious defense has not been made out, the
proceeding terminates and the trial court shall dismiss the case.” Id. at 409. “On the
other hand, if a prima facie meritorious defense has been shown, the court will
conduct a trial.” Id.
C.      Complainant’s Burden at Trial on the Merits
          At the bill-of-review trial when, as here, the claimant does not allege non-service,


 “[t]he complainant must open and assume the burden of proving that the
judgment was rendered as the result of the fraud, accident or wrongful act of the
opposite party or official mistake unmixed with any negligence of his own.” Id. 
Standing alone, “the fact that an injustice may have occurred is not sufficient to
justify relief by bill of review.” Temple v. Archambo, 161 S.W.3d 217, 224 (Tex.
App.—Corpus Christi 2005, no pet.).
The Granting of the Bill of Review
A.      Clear Abuse of Discretion
          For the following reasons, we hold that the trial judge clearly abused her
discretion in rendering the October 13 “First Amended Order Vacating Default
Judgment.”
          1.       Fraud or Wrongful Act
          “Only ‘extrinsic fraud’ will support a bill of review.” Nelson v. Chaney, 193
S.W.3d 161, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.). “Extrinsic fraud is
fraud that is collateral to the matter being tried and prevents a litigant from having a
fair opportunity to assert his rights at trial.” Id. To the extent that the trial judge may
have read Phillips’s petition to allege that Duncan acted wrongfully by having
concealed the possibility that someone else could have been K.D.P.’s father,


 such
matters have been repeatedly determined not to demonstrate extrinsic fraud and thus
not to support a bill of review. See id. at 166; In re Attorney Gen’l of Tex., 184
S.W.3d 925, 928 (Tex. App.—Beaumont 2006, orig. proceeding); Martindale v.
Reno, 132 S.W.3d 462, 464–65 (Tex. App.—Eastland 2003, no pet.); Ince v. Ince, 58
S.W.3d 187, 191 (Tex. App.—Waco 2001, orig. proceeding), overruled on other
grounds by Ramsey v. State, 249 S.W.3d 568, 577 (Tex. App.—Waco 2008, no pet.).
          2.       Official Mistake or Mistake or Accident of Opposing Party
          Phillips’s position concerning accident was that the bad weather and the
“accidental circumstances of his work out of state . . . [and] his inability to get
permission from his employer to return” precluded his attending the November 15
hearing. The “official mistake” that he contended occurred was rendition of a default
paternity judgment against him when he was not the father. These allegations and
their supporting evidence do not meet the standard for accident or official mistake in
the context of a bill of review. An “official mistake” merits the granting of a bill of
review when “the petitioner can demonstrate that the judgment resulted from his
reliance on a court officer who improperly executes his official duties.” Transworld
Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 408 (Tex. 1987). “‘Accident’ implies
a . . . joint responsibility, or freedom from fault, by both parties through which, by
mischance, the complainant failed to urge his or her position in the former action.” 
Roy W. McDonald & Elaine Grafton Carlson, 5 Texas Civil Practice, Attacks on
Judgments, § 29:15, at 462–63 (2d ed. 1999); Roger S. Baugh Jr. & Paul C. Sewell,
Equitable Bill of Review: Unraveling the Cause of Action That Confounds Texas
Courts, 48 Baylor L. Rev. 623, 634 (Summer 1996) (quoting McDonald & Carlson). 
Phillips’s pleading and proof of official mistake and accident do not fit these criteria
and thus will not support the granting of a bill of review.
          3.       Lack of Negligence by Phillips
          It was undisputed that Phillips failed to answer the SAPCR suit despite having
been served with citation. This was negligence that would preclude the granting of
a bill of review. See Gone v. Gone, 993 S.W.2d 845, 848 (Tex. App.—Houston [14th
Dist.] 1999, pet. denied) (in appeal from denial of bill of review to set aside no-answer default judgment of divorce, in which trial court found that former husband
presented no evidence as to why he failed to answer and in which former husband
admitted being served, holding, “[T]he trial court correctly concluded that [former
husband’s] own negligence in failing to file an answer, unmixed with any other,
resulted in the default judgment against him.”). Additionally, “[r]elief by bill of
review is available only if a party has exercised due diligence to pursue all adequate
legal remedies against a former judgment and, through no fault of her own, no
adequate legal remedy was available.” Hesser v. Hesser, 842 S.W.2d 759, 765 (Tex.
App.—Houston [1st Dist.] 1992, orig. proceeding, writ denied) (combined mandamus
and appeal). It was undisputed that Phillips discovered the existence of the default
judgment (by virtue of the wage-withholding notice that he received on December 3)
within the trial court’s plenary power, yet he did not move for new trial or file a direct
appeal. Accordingly, the undisputed evidence showed that his own negligence
contributed to the default judgment. See id. at 766; see also Gold v. Gold, 145
S.W.3d 212, 214 (Tex. 2004) (“If a motion to reinstate, motion for new trial, or direct
appeal is available, it is hard to imagine any case in which failure to pursue one of
them would not be negligence” that would preclude bill of review).
 
B.      Inadequate Remedy By Appeal
          The order granting the bill of review in this case was interlocutory because it
vacated the prior judgment and reinstated the original cause; no appeal lies from this
interlocutory order. See, e.g., Jordan v. Jordan, 907 S.W.2d 471, 472 (Tex. 1995). 
Just because an interlocutory order is unappealable, however, does not mean that
mandamus will lie to review it. “As a general rule, mandamus does not lie to correct
incidental trial court rulings when there is a remedy by appeal.” In re Entergy Corp.,
142 S.W.3d 316, 320 (Tex. 2004). “[T]he mere cost and delay of pursuing an appeal
will not, in themselves, render appeal an inadequate alternative to mandamus review.” 
Id. at 321. Nonetheless, “[i]n certain circumstances, . . . incidental trial court rulings
can be corrected by writ of mandamus” when “special, unique circumstances
mandate[] the Court’s intervention.” Id.; see In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135–36 (Tex. 2004). What constitutes such special, unique
circumstances is determined by a “careful balance of jurisprudential considerations”
that seeks to answer whether “any benefits to mandamus review are outweighed by
the detriments”—for example, in “exceptional cases” in which mandamus review is
needed “to preserve important substantive and procedural rights from impairment or
loss.” In re Prudential Ins. Co., 148 S.W.3d at 136 (citations omitted).
          We first note that there is a split of authority among the courts of appeals—in
cases not involving pending paternity suits in which genetic testing has been
ordered—as to whether mandamus will lie to review the interlocutory granting of a
bill of review.


 However, for reasons that will become evident below, we need not
resolve this split to determine this appeal. We also note that three courts of appeals
have held that mandamus lies to review the interlocutory granting a bill of review that
is rendered in the context of a paternity suit in which genetic testing is ordered.


 We,
too, determine that mandamus will lie over this order in this case, but we do so for
different reasons.
          It is by now clear that mandamus is available to review an order for paternity
testing that is erroneously entered before a parentage determination has been set
aside. In re Rodriguez, 248 S.W.3d 444, 454 (Tex. App.—Dallas 2008, orig.
proceeding); In re Att’y Gen., 195 S.W.3d at 270–71; see also Amanda v.
Montgomery, 877 S.W.2d 482, 487 (Tex. App.—Houston [1st Dist.] 1994, orig.
proceeding). At least two reasons have been identified in support of such review: (1)
the ordering of paternity testing is a discovery order, and no adequate remedy by
appeal exists for production of unauthorized discovery (including discovery posing
a heavy burden due to its being highly sensitive and personal) because, once it is
produced, its effects cannot be undone


 and (2) revealing the results of genetic
testing may, depending on the facts, cause permanent, irreparable harm to the child.



          The trial court coupled its order granting the bill of review with an order
requiring paternity testing just so that the resulting evidence could be used upon
retrial in the paternity suit. Of course, because the default judgment is currently set
aside upon bill of review, there is now no longer any final parentage determination
that would preclude paternity testing unless and until the bill-of-review order is
reviewed, found to be erroneous, and set aside. See Nelson, 193 S.W.3d at 167 (“The
sole question before the trial court . . . was whether Nelson was entitled to relief by
bill of review as a matter of law. Had such a determination been made, thus allowing
Nelson to re-litigate the issue of paternity, it would have been appropriate to order
DNA testing.”) (emphasis added). The interlocutory grant of this bill of review is not
subject to interlocutory appeal. See Jordan, 907 S.W.2d at 472. Review of this bill-of-review order can thus not occur until after final judgment in the new paternity suit
unless mandamus review is available now. Although delay in appellate review alone
is generally not enough to justify the issuance of mandamus,


 here, if review cannot
be had until after the paternity retrial, then the results of the paternity testing will
necessarily be divulged and used—and any harm arising from their revelation will
occur—before an appellate court can even determine if the default judgment could
have been be set aside and the case retried. This situation fits the parameters of what
constitutes an inadequate remedy by appeal: once the test results are divulged, the
information that they contain cannot be retracted, and any resulting harm to the child
may be irreparable. Cf. In re Rodriguez, 248 S.W.3d at 454; In re Att’y Gen., 195
S.W.3d at 270; see also Amanda, 877 S.W.2d at 487. The benefits to mandamus
review in this context thus outweigh the detriments. See In re Prudential Ins. Co.,
148 S.W.3d at 136.
          For these reasons, we hold that no adequate remedy by appeal exists for this
interlocutory bill-of-review order and that, consequently, mandamus review is
available.
The Ordering of Genetic Testing and Order Reinstating Same
          The trial judge ordered paternity testing only after she had granted the bill of
review and vacated the November 15, 2007 default judgment. The paternity-testing
order was thus a discovery order that was ancillary to the paternity suit that the judge
had resurrected by her bill-of-review ruling. 
          Only the proper granting of a bill of review allows the trial court to set aside
a prior final judgment, not void on its face for want of jurisdiction, over which the
court’s plenary jurisdiction has expired. See Tex. R. Civ. P. 329b(f) (“On expiration
of the time within which the trial court has plenary power, a judgment cannot be set
aside by the trial court except by bill of review for sufficient cause . . . .”); see also
Tidwell v. Tidwell, 604 S.W.2d 540, 542 (Tex. App.—Texarkana 1980, no writ)
(providing that, when voidable judgment “has become final and the time has elapsed
for the filing of an appeal or an appeal by writ of error, the judgment can only be set
aside by bill of review timely filed.”). Because the trial judge abused her discretion
in granting the bill of review, she necessarily abused her discretion in vacating the
default judgment. Once the amended order vacating the default judgment is set aside
pursuant to our decision, the default judgment adjudicating Phillips’s paternity will
again be the controlling judgment. 
          “A trial court abuses its discretion when a child’s paternity has been legally
established and it orders genetic testing before a parentage determination has been set
aside.” In re Rodriguez, 248 S.W.3d at 451; accord, e.g., In re Att’y Gen., 195
S.W.3d at 269; see also Amanda, 877 S.W.2d at 487. This line of authority applies
by analogy to the paternity-testing order here because, after this proceeding, the
default judgment of paternity will again be in effect, and there will no longer be a
“live” paternity case to which the test results could be relevant. Cf. Nelson, 193
S.W.3d at 167 (in appeal of denial of bill of review, after which ruling trial court
nevertheless had ordered paternity testing, concluding in dictum that trial court
abused its discretion in ordering testing because “the trial court’s order effectively
facilitated the gathering of evidence to undermine a final judgment that as a matter
of law could not be upset.”). 
          Because we hold that the trial judge abused her discretion in granting the bill
of review and in vacating the default judgment of paternity, we also hold that the trial
judge abused her discretion in ordering paternity testing and in signing the order
reinstating that ruling. 
Conclusion
          We conditionally grant the petition for writ of mandamus and order the trial
judge to take the following actions:
●to vacate its October 13, 2008 “First Amended Order Vacating
Default Judgment”;
 
●to vacate its August 8, 2008 “Order for Parentage Testing”;
 
●to vacate its related September 22, 2008 “Order Reinstating Order
Granting Motion for New Trial and Vacating Default Judgment”
in its entirety; and
 
●to maintain under seal the results of the genetic testing that are
currently under seal with the trial court and to grant the relief
requested in the OAG’s August 22, 2008 “Motion for Protective
Order Regarding Genetic Test Information” immediately upon
issuance of this Court’s opinion.
 
●to certify to the Clerk of this Court, in writing, within 10 days of
the date of this opinion, that the actions herein required have been
completed.

          The writ will issue only if the trial judge fails to act in accordance with the
orders contained within this opinion.
          The Court’s August 18, 2008 stay order remains in effect until the trial judge
complies with the orders contained in this opinion.
          We overrule Phillips’s September 30, 2008 motion to order the sealed
paternity-testing results to be filed in this Court. 
 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.