

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-13-00108-CV

## IN THE INTEREST OF K.P., A CHILD

---

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. 12-110-B**

---

## MEMORANDUM OPINION

---

Robert H. appeals from a denial of a bill of review attempting to set aside an order terminating his parental rights that was based on an affidavit of relinquishment of parental rights. *See* TEX. FAM. CODE ANN. § 161.001(1)(K) (West 2008). In this appeal, Robert presents two alternative issues. First, Robert complains that the trial court erred by finding that he did not make a *prima facie* showing of a meritorious defense at the hearing which Robert argues was a preliminary hearing for that issue only. Second, in the event that this Court finds that the trial court did not err by making a final ruling denying the bill of review at what Robert argues was the preliminary stage, the evidence was legally and factually insufficient to support the trial court's findings of

fact and conclusions of law. Because we find no reversible error, we affirm the judgment of the trial court.

Robert signed an affidavit of relinquishment of his parental rights on the day of the final hearing. The trial court terminated his parental rights based on the affidavit and named the Department of Family and Protective Services the managing conservator of his child, K.P. During the pendency of the case, K.P. had been placed with Robert's sister and at the time of the final hearing, the Department's permanency goal was for Robert's sister to adopt K.P. The caseworker testified at the final hearing that K.P. was doing well in that placement and the Department was of the opinion that adoption by Robert's sister would be in the best interest of K.P.

Almost immediately after the final hearing terminating Robert's parental rights, K.P. began residing in Robert's home with Robert's sister's consent. The Department did not become aware that K.P. was residing at Robert's residence until approximately four months after the termination hearing. When the Department found out about K.P.'s residence and that Robert's sister had an unapproved boyfriend residing with her, K.P. was removed from the home and placed in foster care. At the time of the removal, Robert's sister informed the Department that it was the intention of Robert and his sister that K.P. would be returned to Robert's residence permanently. Robert also confirmed this to be his intent at the bill of review hearing.

Robert filed a petition for bill of review, alleging that the Department committed fraud in getting him to sign the affidavit of relinquishment because he was not advised that his sister might not be allowed to adopt K.P. and that he was not informed by the Department prior to signing the affidavit that he was not to have contact with K.P. The trial court conducted a hearing on the bill of review where Robert, Robert's wife, the caseworker at the time of the termination trial, and the adoption caseworker testified. The trial court denied the bill of review at the conclusion of the hearing.

*Prima Facie Hearing or Hearing on the Merits?*

Robert argues in his first issue that the trial court erred by denying his bill of review because the hearing conducted by the trial court was for the sole purpose of establishing a *prima facie* meritorious defense as described in *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979). Robert argues that the evidence before the trial court established a *prima facie* meritorious defense, and that this cause should be reversed and remanded to allow him a full trial on the merits of the bill of review. The State argues that the hearing was not a *Baker* hearing, but was a full trial on the merits of Robert's bill of review.

At the hearing before the trial court, Robert presented evidence not only of what he contended were the Department's fraudulent representations regarding his sister adopting his child, but also presented evidence of the proceedings in the underlying case, the reasons for Robert's failure to complete his service plan, and the events that

had transpired after the termination of his parental rights to show that he was a fit parent.

We have previously determined that the preliminary hearing described in *Baker v. Goldsmith* is only a "suggested procedure" but not required for the trial court to conduct. *See Ramsey v. State*, 2419 S.W.3d 568, 578 (Tex. App.—Waco 2008, no pet.). It would not be erroneous for the trial court to choose not to conduct a preliminary hearing. *See id*. We find that from our review of the record, the hearing conducted by the trial court was a full trial on the merits of the bill of review. Because the trial court did not choose to conduct a preliminary hearing, the issue of whether the trial court erred by failing to find that Robert established a *prima facie* meritorious defense is overruled. We overrule issue one.

### Sufficiency of the Evidence

In his second issue, Robert complains that the evidence was legally and factually insufficient to support the trial court's denial of the bill of review. However, when we address a denial of a bill of review, the appropriate standard is to review for an abuse of discretion; in this context, legal and factual sufficiency of the evidence are not independent grounds of error but are merely factors to be assessed in determining if the trial court abused its discretion. *Garza v. Att'y Gen.*, 166 S.W.3d 799, 810 (Tex. App.—Corpus Christi 2005, no pet.). In determining whether the trial court abused its

discretion, we view the evidence in the light most favorable to the trial court's action, indulging every presumption in favor of the judgment. *Id*. at 811.

The trial court is the fact-finder at a hearing on a bill of review and has the duty of ascertaining the true facts, and it is within the court's province to judge the credibility of the witnesses and to determine the weight to be given their testimony. *Royal Zenith Corp. v. Martinez*, 695 S.W.2d 327, 330 (Tex. App.—Waco 1985, no writ). A trial court does not abuse its discretion when it makes its decision on conflicting evidence and some evidence supports its judgment. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Garcia-Udall v. Udall*, 141 S.W.3d 323, 333 (Tex. App.—Dallas 2004, no pet.) (*citing David v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.)).

*Applicable Law*

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). A bill of review plaintiff must ordinarily prove (1) a meritorious claim or defense with regard to the underlying cause of action; (2) which the bill of review plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party, or by official mistake; and (3) unmixed with any fault or negligence on the bill of review plaintiff's own part. *Id*.

Only extrinsic fraud will support the fraud element required for a bill of review to be successful. *See Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989). Extrinsic fraud is wrongful conduct practiced outside of the adversary trial that affects the manner in which the judgment was procured and prevents a litigant from having a fair opportunity to assert his rights at trial. *See Browning v. Prostok*, 165 S.W.3d 336, 347 (Tex. 2005); *Tice*, 767 S.W.2d at 702; *Nelson v. Chaney*, 193 S.W.3d 161, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Fraud may be committed through active misrepresentation or passive silence and is an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscionable advantage. *See In re D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. denied); *Arnett v. Arnett*, No. 03-05-00056-CV, 2008 Tex. App. LEXIS 3184 at *4 (Tex. App.—Austin May 2, 2008, pet. denied) (mem. op.); *Gaspard v. Beadle*, 36 S.W.3d 229, 235 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (listing fraud elements as a material misrepresentation made; the representation was false; when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth; the speaker made the representation with the intent that it should be acted upon by the party; the party acted in reliance upon the representation; and the party thereby suffered injury). A misrepresentation is a falsehood or untruth with the intent to deceive. *Gaspard*, 36 S.W.3d at 235.

In order to succeed in a bill of review proceeding attempting to set aside a termination order based on an affidavit of relinquishment, the burden is on the party challenging the affidavit to establish by a preponderance of the evidence that the affidavit was involuntarily executed as a result of fraud, duress, or coercion. *See Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 62 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Vela v. Marywood*, 17 S.W.3d 750, 758 (Tex. App.—Austin 2000, pet. denied); *see also* TEX. FAM. CODE ANN. § 161.211(c) (West 2008) (stating that attack of termination order "based on an unrevoked affidavit of relinquishment of parental rights ... is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit"). Robert's argument is solely based on the alleged fraud committed by the Department.

Robert contends that the Department knew that he would have contact with K.P. because he was living next door to his sister at the time K.P. was placed with her, and that he signed the affidavit of relinquishment because he knew that he would be able to have contact with K.P. after his sister adopted him. Robert argues that the Department's removal of K.P. from his sister because he was having contact with K.P. when the Department knew that he would be having contact constituted fraud. However, there was testimony that Robert's intent behind signing the affidavit of relinquishment was ultimately to allow his sister to adopt K.P., but that K.P. would reside with him and be raised as his child.

Robert cites to *Queen v. Goeddertz*, 48 S.W.3d 928 (Tex. App.—Beaumont 2001, no pet.) and *Vela v. Marywood*, 17 S.W.3d 750 (Tex. App.—Austin 2000, pet. denied) to support his position that the Department committed fraud by leading him to believe that he would have contact with K.P. after the termination. In each of those cases, unenforceable promises of post-termination contact were made in order to induce the signing of affidavits of relinquishment. While those cases may have limited similarity to the facts of this case, they are distinguishable because even if the Department had told Robert that he would be able to see K.P. in some manner after the termination and adoption by his sister, the practicality of the situation was that because Robert was residing next door to his sister, that assertion would not likely be false if it was made.

However, in this case, several months after the termination was granted, the Department discovered that K.P. had been in fact residing with Robert since very shortly after the termination with the consent of Robert's sister, that Robert even intended to change K.P.'s name to have Robert's last name and not that of his sister, and that Robert's sister was actually residing with a person that the Department had stated was not allowed to have unsupervised contact with K.P. It was at this time when the Department, as K.P.'s managing conservator, determined allowing K.P. to remain in his placement with Robert's sister was no longer appropriate or in K.P.'s best interest because of the fraudulent actions of Robert and his sister. There is a significant

difference from Robert having occasional and incidental contact with K.P. to K.P. actually residing with Robert and being held out to be Robert's son.

We find that there was sufficient evidence for the trial court to have found that prior to Robert's execution of the affidavit of relinquishment, the Department did not make a misrepresentation to Robert about the Department's intent to allow his sister to adopt K.P. and that, even if there was some misrepresentation, Robert's questionable plan and motives were largely at fault in the process as well. Because of this, by using the appropriate standards for the granting of a bill of review and giving appropriate deference to the trial court's findings of fact, we find that the trial court did not abuse its discretion by denying Robert's bill of review. We overrule issue two.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 20, 2014
[CV06]