

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
|  | § | No. 08-21-00214-CV |
|  | § | Appeal from the |
| IN THE INTEREST OF D.N.C., | § | 383rd Judicial District Court |
| A CHILD | § | of El Paso County, Texas |
|  | § | (TC# 2001-CM2880) |

**O P I N I O N**

This is an appeal of an order granting a bill of review filed by H.C. who sought to set aside a 2001 default order determining the parentage of D.N.C. The trial court granted the bill of review, voided the 2001 order, and entered an order establishing non-parentage—determining that H.C. is not the father of D.N.C. We reverse and remand.

*Factual and Procedural History*

On May 2, 2001, H.C., a minor at the time, was served with notice of a lawsuit to adjudicate parentage of D.N.C. The lawsuit resulted in a default order establishing the parent-child relationship between H.C. and D.N.C. In 2004, H.C. appeared in person and by attorney at a hearing, and the trial court issued an order enforcing child support and medical support obligations. In 2006, H.C. sought a bill of review seeking to set aside the 2001 default order. The 2006 bill of review was dismissed in 2007. On April 17, 2020, H.C. filed a petition for declaratory judgment

and bill of review seeking to set aside the 2001 default order alleging extrinsic fraud and lack of proper notice. The trial court declared the 2001 order void, granted the bill of review, and issued a final order adjudicating the non-parentage of H.C. The Attorney General filed this appeal.

*Discussion*

Appellant brings three issues for our review contending that (1) our Court has jurisdiction, (2) the trial court erred in declaring the default order establishing parentage void, and (3) the bill of review was untimely filed. We address the threshold question of jurisdiction first, and because we conclude that the bill of review was untimely filed, we do not address Appellant's second issue. TEX.R.APP.P. 47.1.

*Jurisdiction*

In Appellant's first issue, it contends that we have jurisdiction over this appeal. We agree. "A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (quoting *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990)). Here, however, the trial court not only granted the bill of review, it then issued a final order declaring that H.C. is not the parent of D.N.C., which disposed of the issue of parentage. The final order adjudicating non-parentage was signed by the court on November 24, 2001, and the Appellant filed its notice of appeal on December 15, 2001. Therefore, we conclude that we have jurisdiction. Appellant's first issue is sustained.

*Bills of Review*

In Appellant's third issue, it contends that H.C.'s bill of review was untimely filed. A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27

(Tex. 1999). In a petition for a bill of review, the petitioner must plead and prove "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Fraud is either extrinsic or intrinsic, and only extrinsic fraud will support a bill of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003). "Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Id.*

Absent extrinsic fraud, a party must file a bill of review within four years of the date of the judgment the bill of review seeks to set aside. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 ("Every action for which there is no express limitations period . . . must be brought not later than four years after the day the cause of action accrues."). In his bill of review, H.C. alleged that "the mother of the child fraudulently asserted that he was the father of the child." Texas courts have consistently held that a lie about a child's parentage is intrinsic fraud. *See e.g.*, *Nelson v. Chaney*, 193 S.W.3d 161, 166 (Tex.App.—Houston [1st Dist.] 2006, no pet.). We thus conclude the allegation of fraud was an intrinsic one that H.C. could have litigated in the suit resulting in the default judgment. *Id.*

Absent a showing of extrinsic fraud, the statute of limitations for a bill of review is four years from the disputed judgment. TEX.CIV.PRAC. & REM.CODE ANN. § 16.051. Because H.C. did not prove extrinsic fraud, the limitations period ran in 2005, four years after the date of the original 2001 default order. Alternatively, the limitations period ran in 2008 four years after H.C. appeared with counsel at the 2004 hearing on the motion to enforce support obligations. There is no dispute H.C. had actual knowledge of the 2001 order establishing the parent-child relationship in 2004.

3

Appellant's third issue is sustained. Because we conclude that the bill of review was untimely filed, we do not address Appellant's second issue. TEX.R.APP.P. 47.1.

## CONCLUSION

We reverse the trial court's order granting bill of review relief and the court's order adjudicating non-parentage of H.C. as to D.N.C., and we remand the cause to the trial court for further proceedings consistent with this opinion.

SANDEE B. MARION, Chief Justice (Ret.)

November 23, 2022

Before Rodriguez, C.J., Alley, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

4