Opinion issued July 23, 2009











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-08-00235-CV
____________

IN RE DOW HAMM III CORP. & W. DOW HAMM, Relators




Original Proceeding on Petition for Writ of Mandamus







MEMORANDUM OPINIONIn 2008, relators, Dow Hamm III Corp. and W. Dow Hamm (“the Hamm
parties”), filed a petition for a writ of mandamus complaining of former Judge John
Donovan’s


 December 10, 2007 order compelling arbitration before arbitrator
Michael L. Landrum, arguing that the trial judge had abused his discretion by
“appoint[ing] a specific arbitrator for the parties, even though their arbitration
agreement required the selection of a neutral arbitrator following the rules of the
American Arbitration Association.” The real party in interest, Millennium Income
Fund, L.L.C., filed a response to the petition, to which the Hamm parties replied.
          In 2009, former Judge Donovan was succeeded by Judge Al Bennett.


 On
March 3, 2009, upon the Hamm parties’ motion, this Court abated the mandamus
proceeding in order to allow Judge Bennett to reconsider the decision of former Judge
Donovan. See Tex. R. App. P. 7.2(b) (“If the case is an original proceeding under
Rule 52, the court must abate the proceeding to allow the successor to reconsider the
original party’s decision.”).
          The Hamm parties then filed a motion for Judge Bennett to reconsider the
December 10, 2007 ruling. On April 16, 2009, Judge Bennett filed with this Court
a copy of an order, signed the same day, in which he “affirmed and adopted” Judge
Donovan’s December 10, 2007 order as his own. Accordingly, on April 29, 2009,
this Court reinstated the original proceeding.
 
          Before the Court now is the Hamm parties’ July 16, 2009 unopposed motion
to abate the proceeding again. In it, they advise that Judge Bennett signed a second
order, dated May 4, 2009, which reads:
Before the Court is Defendants’ [the Hamm parties’] Motion for
Reconsideration Pursuant to First Court of Appeals’ March 10, 2009,
Order of Abatement. Having considered the motion, the evidence, and
any timely filed response, the Court is of the opinion that the portion of
Judge Donovan’s December 10, 2007, Order which appointed a specific
arbitrator should be VACATED.
 
Therefore, it is ORDERED that a neutral arbitrator shall be
appointed pursuant to the terms of the partnership agreements and the
AAA rules, and not by this Court.

This order expressly vacates the very portion of the December 10, 2007
order—affirmed and adopted by Judge Bennett in April 2009—of which the Hamm
parties complain, awarding them the relief that they seek before this Court.
          The May 4, 2009 order expressly supplants the referenced portion of the
December 10, 2007 order. It also implicitly supplants the April 16, 2009 order to the
extent that the April order had adopted the vacated portion of the December order.


 
 
          The superseding of the order of which a relator complains moots the mandamus
proceeding. See, e.g., In re Office of Att’y Gen., 276 S.W.3d 611, 617 (Tex.
App.—Houston [1st Dist.] 2008, orig. proceeding). Here, the portion of the
December 10 order of which complaint is made, which was later “affirmed and
adopted” by the successor judge, was vacated and replaced with an order that
comports with the relief sought before this Court. The proceeding is thus moot, and
we must dismiss it. See In re ONEOK Abruckle Land Co., No. 01-09-00347-CV,
2009 WL 1332078, at *1 (Tex. App.—Houston [1st Dist.] May 8, 2009, orig.
proceeding) (memo. op.) (dismissing original proceeding as moot when trial judge
had vacated order of which relator complained).
          We dismiss the mandamus petition as moot. 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Sharp and Taft.