Affirmed and Memorandum Opinion
filed January 5, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00778-CV



Larry Alexander,
Appellant 

v.

tiffany johnson,
Appellee 



On Appeal from
the 311th District Court

Harris County, Texas

Trial Court
Cause No. 2007-46912



 

M E M O R A N D U M   O P I N I O N


Appellant, Larry Alexander, appeals from an order
denying his petition for bill of review to set aside a default order in a suit
affecting the parent-child relationship (“default SAPCR order”).  The default
SAPCR order appointed appellant possessory conservator of J.A., a child, and
ordered appellant to pay child support.  In two issues, appellant contends that
he was entitled to bill-of-review relief because he was fraudulently induced to
sign an acknowledgment of paternity (“AOP”), preventing him from presenting a
meritorious defense to the trial court’s default SAPCR order. 

I.  BACKGROUND

             Appellant and
appellee, Tiffany Johnson, had a dating relationship in 2004.  On March 25,
2005, appellee gave birth to J.A.  The following day, on March 26, 2005, appellant
executed an acknowledgment of paternity that he was J.A.’s father.[1]  The
couple’s relationship ended thereafter, and in 2006, appellant initiated SAPCR
proceedings seeking custody of J.A.

A.  2006 SAPCR Proceedings

            In February 2006,
appellant filed a suit affecting parent-child relationship requesting that he
be appointed J.A.’s managing conservator; appellee challenged appellant’s
petition by filing a countersuit.  Although appellant initiated the SAPCR suit
to establish and protect his conservatorship rights to J.A., appellant later changed
his position, petitioning the court for voluntary relinquishment and
termination of his parental rights.  On October 30, 2006, the trial court held
a final hearing on the parties’ petitions.  Appellee appeared with counsel, but
appellant failed to appear in person or by counsel.  The trial court found
appellant in default and proceeded with the final hearing in his absence.  

            On December 1,
2006, the trial court signed the default SAPCR order appointing appellee sole
managing conservator of J.A. and appellant possessory conservator.  The default
SAPCR order also compelled appellant to pay child support.  Thereafter, appellant
attempted to challenge the default SAPCR order by filing a petition for bill of
review.[2] 


B.  2007 Bill of Review Proceedings

            On August 6,
2007, appellant filed a petition for bill of review; he alleged that appellee
fraudulently induced him to sign the AOP and misled him to believe that he was
J.A.’s father when in fact he was not.  Appellant claimed that he was entitled
to bill-of-review relief and requested that the default SAPCR order be set
aside and the AOP rescinded.  The trial court held a hearing on appellant’s
petition.  At the bill of review hearing, appellant testified that although he
signed the AOP and although he initiated the SAPCR proceeding seeking custody
of J.A., he later doubted his paternity, and his request for genetic testing was
refused by the trial court.  Appellant further testified that he was unable to
attend the October 2006 SAPCR hearing because he was working offshore and was
assured by his counsel at the time that he would appear on appellant’s behalf
and would secure a continuance.  At the conclusion of the hearing, the trial
court denied appellant’s petition, dismissed the bill of review, and signed an
order memorializing its ruling.  

            Appellant now
appeals the trial court’s bill-of-review order denying the petition.  In two
issues, appellant contends that the trial court erred by denying his petition
for bill of review because:  (1) appellant was “denied the opportunity to take
a paternity test which would be a meritorious defense [to] the judgment”; (2)
appellee “denied appellant the right to take a paternity test”; and (3)
appellant was denied the opportunity to raise the meritorious defense at no
fault or negligence of his own.  

II.  STANDARD OF REVIEW

             A bill of review
is an equitable proceeding to set aside a judgment that is not void on the face
of the record, but is no longer appealable or subject to a motion for new
trial.  Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  The grounds upon
which a bill of review can be obtained are narrow because the procedure
conflicts with the fundamental policy that judgments must become final at some
point.  Chapman, 118 S.W.3d at 751; Alexander v. Hagedorn, 148
Tex. 565, 569, 226 S.W.2d 996, 998 (1950).  Accordingly, a party
petitioning for a bill of review must plead and prove (1) a meritorious defense
to the cause of action alleged to support the judgment, (2) that the petitioner
was prevented from making by the fraud, accident, or wrongful act of his
opponent, and (3) the petitioner was not negligent.  Chapman, 118 S.W.3d
at 751–52.  Furthermore, only “extrinsic fraud” will support a bill of review
and entitle a petitioner to relief.  See Tice v. City of Pasadena, 767
S.W.2d 700, 702 (Tex. 1989); Nelson v. Chaney, 193 S.W.3d 161, 165 (Tex.
App.—Houston [1st Dist.] 2006, no pet.).  Extrinsic fraud is wrongful conduct
practiced outside of the adversary trial that affects the manner in which the
judgment was procured and prevents a litigant from having a fair opportunity to
assert his rights at trial.  See Browning v. Prostock, 165 S.W.3d 336,
347 (Tex. 2005); Tice, 767 S.W.2d at 702; Nelson, 193 S.W.3d at
165.  Conversely, intrinsic fraud relates to matters that could have been
litigated in the initial action, including fraudulent instruments and perjured
testimony.  See Browning, 165 S.W.3d at 347–48.

            In reviewing the
denial of a bill of review, every presumption is indulged in favor of the
court’s ruling, which will not be disturbed unless it is affirmatively shown
that there was an abuse of judicial discretion.  Nguyen v. Intertex, Inc.,
93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The trial
court abuses its discretion when it rules in an unreasonable or arbitrary
manner, or without reference to any guiding rules or principles.  Id.  

            III. 
ANALYSIS 

            To succeed
on a bill of review, the petitioner must first allege, with particularity,
sworn facts sufficient to constitute a meritorious defense.  In re Office of
Attorney Gen., 276 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.] 2008, orig.
proceeding).  Once a petitioner has pleaded with specificity his meritorious
defense, he then, as a pretrial matter, must present prima facie proof of the
meritorious defense.  Id.  A petitioner meets the requirement of
presenting prima facie proof of a meritorious defense when he proves that (1) his
defense is not barred as a matter of law, and (2) he will be entitled to
judgment on retrial if no evidence to the contrary is offered.  Baker v.
Goldsmith, 582 S.W.2d 404, 408–09 (Tex. 1979); In re Office of Attorney
Gen., 276 S.W.3d at 618.  Determination of whether a bill-of-review
petitioner has made a prima facie showing of a meritorious claim or defense is
a question of law we review de novo.  Baker, 582 S.W.2d at
409; In re Office of Attorney Gen., 276 S.W.3d at 618; Ramsey v.
State, 249 S.W.3d 568, 574 (Tex. App.—Waco 2008, no pet).

            Appellant
averred in his verified petition that he was not J.A.’s father, and such fact
constituted a meritorious defense.  At the bill of review hearing, appellant
testified that he believed he was not J.A.’s father because shortly after the
child’s birth, appellee ejected him from their home.  Appellant also testified
that he believed he was not J.A.’s father because appellee was regularly taking
birth control at the time of her pregnancy.  Appellant further testified that
the trial court denied him the opportunity to prove his meritorious defense by
denying his request for genetic testing.    

            In
determining whether appellant has made a prima facie showing of a meritorious
defense to the default SAPCR order, we start with the AOP because it
adjudicated appellant’s paternity and serves basis for the default SAPCR order. 
See Tex. Fam. Code § 160.305(a).  Subchapter D of the Texas version of
the Uniform Parentage Act governs voluntary acknowledgment of paternity.  See
id. §§ 160.301–.316.  Under subchapter D, the mother and a man claiming
to be the biological father of a child may sign an AOP with intent to establish
the man’s paternity.  Id. § 160.301.  An AOP must:

(1)  be in a record;

(2)  be signed, or otherwise authenticated, under penalty
of perjury by the mother and the man seeking to establish paternity;

(3)  state that the child whose paternity is being
acknowledged:

            (A) does not have a presumed father or has a
presumed father whose           full name is stated; and

            (b)  does not have another acknowledged or
adjudicated father;

(4)  state whether there has been genetic testing and, if
so, that the acknowledging man’s claim of paternity is consistent with the
results of the testing; and 

(5)  state that the signatories understand that the
acknowledgment is the equivalent of a judicial adjudication of the paternity of
the child and that a challenge to the acknowledgment is permitted only under
limited circumstances and is barred after four years.  

Id.
§ 160.302.  An AOP becomes effective on the child’s date of birth or the filing
of the document with the bureau of vital statistics, whichever is later.  Id.
§ 160.304(c).   Furthermore, a properly executed AOP is equivalent of an
adjudication of the paternity of a child and confers on the acknowledged father
all rights and duties of a parent.  Id. § 160.305(a).

            Here,
appellant concedes that he signed a valid AOP on March 26, 2005.  He does not
dispute its validity on its face under section 160.302 execution requirements.  See
id. § 160.302 (prescribing requirements for execution of AOP).  Because
the AOP adjudicated appellant’s paternity of J.A., the AOP supports and
validates the trial court’s default SAPCR order regarding conservatorship and
child support.  Accordingly, to make a prima facie case of a meritorious
defense to the default SAPCR order, appellant must present a meritorious
defense against the AOP adjudicating paternity.  The statute provides two
methods of defending against an AOP:  (1) a recission proceeding and (2) a
proceeding to challenge the AOP.  See id. §§ 160.307–.309.  A signatory
to an AOP may rescind an acknowledgment of paternity by commencing a proceeding
to rescind before the earlier of:  (1) the 60th day after the effective date of
the acknowledgment, as provided by section 160.304; or (2) the date of the
first hearing in a proceeding to which the signatory is a party before a court
to adjudicate an issue relating to the child, including child support.  Id.
§ 160.307.  There is no evidence in the record before us showing appellant has
commenced a recission proceeding under section 160.307.  Furthermore, the time
period for recission under section 160.307 has now expired.  See id.  Accordingly,
appellant is barred, as a matter of law, from bringing a recission proceeding
to attack the AOP.  

            Nevertheless,
if a signatory fails to bring a proceeding to rescind within the 60-day recission
period, he “may commence a proceeding to challenge the [AOP] . . . .”  Id.
§ 160.308(a).  The record before us reflects that no signatory has commenced a
proceeding to “challenge” the AOP pursuant to section 160.308.  Because the
record reflects that no signatory commenced a proceeding to challenge
the AOP in accordance with section 160.308, appellant could not assert such
claim as a meritorious defense at the time the trial court signed the bill-of-review
order.

            As
a matter of law, appellant could not present a meritorious defense against the
AOP based solely on his testimony or a request for genetic testing absent recission
of or successful challenge to the AOP.  See In re S.R.B., 262 S.W.3d
428, 431 (Tex. App.—Houston [14th Dist.] 2008, no pet) (“The Uniform Parentage
Act does not authorize a trial court to invalidate an AOP based solely on
testimony questioning the male signatory’s paternity absent recission of, or
successful challenge, to the AOP.”).  We conclude that appellant is barred as a
matter of law from bringing a recission proceeding and has not shown commencement
of a proceeding or successful challenge pursuant to section 160.308. 
Accordingly, appellant has failed to make a prima facie showing of a
meritorious defense to the AOP, and thus to the default SAPCR order.   

            We
find that the trial court did not err in denying and dismissing appellant’s
bill of review.  We overrule appellant’s first and second issues and affirm the
trial court’s judgment.                                                                                                                                                 

                                                                                    

/s/        Adele
Hedges

                                                                                                Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
See Tex. Fam. Code § 160.301 (“A mother of a child and a man claiming to
be the biological father of the child may sign an acknowledgment of paternity
with the intent to establish the man’s paternity.”).  A valid AOP “is the
equivalent of an adjudication of the paternity of a child and confers on the
acknowledged father all rights and duties of a parent.”  Id. § 160.305.





[2]
In his petition for bill of review, appellant claimed that he filed a motion
for new trial after rendition of the default SAPCR order, but the motion for
new trial was denied.