Opinion issued March 29, 2012.

 



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-11-00203-CV

———————————

 

Fred Samson, Appellant

V.

Colonial
County Mutual,
Appellee



 



 

On Appeal from the 295th District Court 

Harris County, Texas



Trial Court Case No. 0706831

 



 

MEMORANDUM OPINION

Fred Samson appeals from the trial court’s entry of judgment
notwithstanding the verdict denying relief on his bill of review.  We conclude that the trial court properly
entered judgment notwithstanding the verdict because his bill of review lacks
merit as a matter of law.  Samson
appeared in post-trial proceedings in the underlying case about which he complains.  He appealed that judgment.  Adequate appellate remedies were available to
him.

Background

          In
2005, Colonial brought a subrogation action against Samson on behalf of its
insured, alleging that Samson’s negligence had proximately caused damage to its
insured’s car.  Samson was properly
served in the suit, but he did not appear for the trial.  The trial court rendered judgment in favor of
Colonial based on the pleadings, testimony, and Samson’s deemed
admissions.  The final judgment recites
that Samson had “received notice of the trial setting.”   Post-trial, Samson filed a motion for
rehearing.  He appealed the judgment
against him to the Fourteenth Court of Appeals, but the Court of Appeals
dismissed his appeal for failure to adequately brief the case. See Samson v. Colonial Cnty.
Mut., No. 14‑05‑01210-CV,
2006 WL 2074722, at *1 (Tex. App.—Houston [14th Dist.] July
27, 2006, no pet.). 

          In
2007, Samson petitioned for a bill of review to set aside the 2005 judgment.  He alleged that he had not received notice of
the 2005 trial setting, that he was not negligent in his lack of knowledge, and
that he had a meritorious defense which he was unable to present in the court
below.  

          At
a jury trial on his pro se petition for a bill of review, Samson testified that
he had not received notice of the 2005 setting. Samson acknowledged that he had
moved for a rehearing in the 2005 case and that he appealed that judgment.  The jury returned a verdict in favor of
Samson.  Colonial moved for judgment
notwithstanding the verdict, which the trial court granted.  

Discussion

Standard of Review

A trial court should render a jnov if the evidence is legally insufficient to support the
jury’s findings or if a directed verdict would have been proper because a legal
principle precludes recovery. Tex. R.
Civ. P. 301; see Fort Bend Cnty. Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991); Williams v.
Briscoe, 137 S.W.3d 120, 124 (Tex. App.—Houston [1st Dist.] 2004, no pet.); John Masek Corp. v. Davis, 848
S.W.2d 170, 173 (Tex. App.—Houston [1st Dist.]
1992, writ denied). 

Analysis

           A bill of review is an equitable proceeding
brought by a party seeking to set aside a prior judgment that is no longer
subject to challenge by a motion for new trial or appeal.  Frost
Nat’l Bank v. Fernandez, 315 S.W.3d 494, 504 (Tex. 2010); Caldwell v. Barnes, 154 S.W.3d 93, 96
(Tex. 2004).  A bill of review plaintiff must
plead and prove (1) a meritorious defense to the underlying cause of action,
(2) which the plaintiff was unable to present by the fraud, accident or
wrongful act of the opposite party or official mistake, (3) unmixed with any
negligence of his own.  Caldwell, 154 S.W.3d at
96; Baker v. Goldsmith, 582 S.W.2d
404, 406–07 (Tex. 1979).  A bill
of review plaintiff claiming lack of notice of a trial setting is relieved of
proving the first two elements, but still must prove the third element required
in a bill of review proceeding: lack of fault or negligence.  Mabon Ltd. v. Afri-Carib Enters., Inc., No. 09-0715, 2012 WL 539385,
at *3 (Tex. Feb. 17, 2012); see Caldwell, 154 S.W.3d at 96.  This element requires a party to show that it
diligently pursued all adequate legal remedies. 
Mabon Ltd., 2012 WL 539385, at
*4.  Standing alone, “the fact
that an injustice may have occurred is not sufficient to justify relief by bill
of review.”  In re Office of Att’y Gen., 276 S.W.3d
611, 618 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand. denied]) (quoting Temple
v. Archambo, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi 2005, no pet.)).  

The evidence at
the bill of review trial demonstrates that Samson sought postjudgment
relief in the underlying case: Samson agreed that he moved for a rehearing within
fifteen days after the trial court entered judgment against him.  He also appealed the trial court’s judgment
against him.  But, Samson never secured a
ruling on his motion for rehearing, and the Fourteenth Court of Appeals
dismissed his appeal for failure to adequately brief the case.  See
Samson, 2006 WL 2074722, at *1. 
Samson’s post-trial efforts preclude any recovery on the bill of review
as a matter of law.   See Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex.
1980) (“[A] bill of review may not be used as an additional remedy after one
has timely filed a motion to reinstate and a motion for new trial and has made
a timely but unsuccessful appeal.”); see
also Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927
(Tex. 1999) (per curiam) (bill of review only
available if party exercised due diligence, and through no fault of his own,
was prevented from making a meritorious defense); see  also De Miño v. Sheridan, 176 S.W.3d 359, 369 n.17 (Tex. App.—Houston
[1st Dist.] 2004, no pet.) (observing that pro se
litigants are held to same standards as attorneys).  Accordingly, Samson is not entitled to a new
trial via a bill of review.  We hold that
the trial court properly entered judgment notwithstanding the verdict.  

Conclusion

          We
affirm the judgment of the trial court. 

 

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel consists of Justices Keyes, Bland, and
Sharp.