# NO. 12-18-00012-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE: K. M.,* | § | *ORIGINAL PROCEEDING* |
| *A CHILD* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

R.M., Real Party in Interest, filed a motion for rehearing of our February 21, 2018 opinion. We overrule the motion for rehearing, withdraw our opinion and judgment of February 21, 2018, and substitute the following opinion and corresponding judgment in their place.

A.S., Relator, filed this original proceeding to challenge Respondent's temporary order in a suit affecting the parent-child relationship. We deny the petition for writ of mandamus as moot.[1]

## BACKGROUND

R.M. and A.S. are the parents of K.M. In May 2017, R.M. filed an original petition in suit affecting the parent-child relationship. On August 28, the parties signed a mediated settlement agreement (MSA) that gave R.M. the right to designate K.M.'s residence, and allowed A.S. unsupervised access and possession of K.M. through an extended standard possession order. At a hearing on August 31, Respondent heard testimony from both R.M. and A.S. confirming execution of the MSA, and approved the MSA. R.M.'s counsel agreed to prepare a final order. Respondent further announced that the possession schedule agreed to by the parties in the MSA became effective immediately.[2]

---

[1] Respondent is the Honorable Jeff Fletcher, judge of the 402nd District Court in Wood County, Texas.

[2] The transcript of the August 31 hearing was not provided in this proceeding. However, the transcript was filed in a separate mandamus proceeding filed on February 28, 2018, cause number 12-18-00044-CV. We take

On September 8, R.M. filed a petition to modify on grounds that circumstances had materially and substantially changed since signing of the mediated settlement agreement. He sought appointment as K.M.'s sole managing conservator and denial of A.S.'s access to K.M. In his supporting affidavit, R.M. stated that a lab test of K.M.'s hair revealed exposure to marijuana. Respondent signed a temporary restraining order prohibiting A.S. from having any possession of or access to K.M. On September 12, Respondent extended the restraining order.

Thereafter, A.S. filed an answer and counter-petition. On September 27, she filed a supplement to her counter-petition and an affidavit, in which she stated that K.M. never acted drugged while in her possession or at her household, and that because R.M. scheduled and submitted K.M. for drug testing, "the most likely scenario is that [R.M.] drugged my child with marijuana in order to get the upper hand in our custody case." According to A.S., the Texas Department of Family and Protective Services (the Department) tested A.S. and her entire household, including her two sons from a prior relationship, and all tested negative for marijuana. She also alleged that R.M. told her "on a number of occasions that he has had sex with little girls and likes to have sex with little girls." Thus, she believed that he fed drugs to K.M. "in an effort to get her 100% for himself because of his sick sexual fetish."

On September 28, Respondent held a hearing on temporary orders. At the hearing, A.S.'s counsel informed Respondent that the Department conducted drug testing and discovered no evidence of marijuana use in A.S.'s home. R.M.'s counsel suggested that any further contact between A.S. and K.M. be conducted in a therapeutic setting with a counselor. Respondent addressed A.S.'s allegations against R.M., noting that the allegations "don't get any worse[]" and had not been previously raised. Respondent stated that the allegations are contained in public documents, which K.M. may later review and "she's going to be able to come back and see the fact that you [A.S.] lied to the Court." Respondent suggested that A.S. reconsider her affidavit or have "really, really good proof that the allegations you're making are absolutely 100 percent true." Respondent stated the following regarding A.S.'s allegations against R.M.:

> If that kind of thing existed, why in the world didn't she [A.S.] (indicating) bring that up to me before the Final Order?
> And I'm not mad at you [counsel]. I'm mad at her [A.S.] (indicating).

judicial notice of our record in that proceeding. See Humphries v. Humphries, 349 S.W.3d 817, n.1 (Tex. App—Tyler 2011, pet. denied).

2

> If this kind of stuff existed in any respect from anybody, certainly her father, why in the – why did we not visit this before the Order?
>
> …
>
> He's [R.M.] (indicating) acted like an idiot over this. And she [A.S.] (indicating) lies like nobody's business about lots of things.
>
> …And I'm telling you, I'm this (indicating) far from putting her [A.S.] in jail….any mother would have reported that in a heartbeat.

Thereafter, over A.S.'s objection and without hearing evidence, Respondent signed a final order that incorporated the terms of the MSA. He further directed that A.S.'s future access to K.M. would be supervised in a therapeutic setting. On October 12, Respondent signed an order giving A.S. only supervised access to K.M. in a therapeutic setting at the offices of Pennye West, L.P.C. for K.M.'s safety and welfare at such times as West may schedule. Respondent denied all further access or contact with K.M. by A.S. On October 19, Responded signed an amended order that mirrored the October 12 order regarding A.S.'s visitation and ordered R.M. to participate in counseling by West. A.S. filed this original proceeding on January 23, 2018.

## MOOTNESS

"Because a trial court's temporary orders in a custody case are not appealable, mandamus is an appropriate means to challenge them." *In re McPeak*, 525 S.W.3d 310, 313 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Nevertheless, "[a] case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings[.]" *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). For instance, when an order is superseded by a subsequent order, complaints regarding the prior order become moot. *See In re Office of Atty. Gen.*, 276 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (amended order superseded August 8 order and moots OAG's complaint about August 8 order); *see also In re Messervey Tr.*, No. 04–00–00700–CV, 2001 WL 55642, at *3 (Tex. App.—San Antonio Jan. 24, 2001, orig. proceeding) (op., not designated for publication) (appellate court lacked jurisdiction to issue writ of mandamus based on July 27 order because it was superseded by subsequent September 1 order). A court's duty to dismiss a case as moot arises from a proper respect for the judicial branch's unique role under our constitution to decide contested cases. *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993).

In this case, Respondent signed a new temporary order on February 23, 2018. Thus, the February 23 order superseded the October 19 order. Because the October 19 order is no longer in effect, a judiciable controversy is now non-existent with respect to that order. Accordingly, A.S.'s petition for writ of mandamus is moot.[3] *See **Kellogg Brown & Root, Inc.**, 166 S.W.3d at 737; see also **Office of Atty. Gen.**, 276 S.W.3d at 617; see also **Messervey Tr.**, 2001 WL 55642, at *3.*

## DISPOSITION

For the reasons explained above, we ***deny*** the petition for writ of mandamus as ***moot***.

Opinion delivered April 18, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[3] A.S. filed a petition for writ of mandamus to challenge the February 23 order, which this Court addresses in a separate opinion.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 18, 2018**

**NO. 12-18-00012-CV**

**A.S.,**
Relator
V.

**HON. JEFF FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by A.S.; who is the relator in Cause No. 2017-269, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on January 23, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied as moot**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*