# NO. 12-19-00105-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WILLIAM A. RUNNELS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

William A. Runnels, acting pro se, filed this original proceeding in which he challenges Respondent's order denying his motion to compel the court reporter to designate and file certain transcripts with this Court.[1] According to Runnels, the transcript of the December 5, 2017, hearing is necessary to the disposition of his appeal, ***In the Interest of N.V.R., D.A.R., & J.T.R., Children***, No. 12-18-00146-CV, and Respondent abused his discretion in denying the motion to compel. He asks this Court to issue a writ of mandamus ordering Respondent to compel the filing of the transcript.

We first note that, to the extent Runnels's petition can be construed as seeking a writ against the court reporter directly, this Court lacks jurisdiction to do so. This Court's mandamus authority is limited to (1) a judge of a district or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Texas Code of Criminal Procedure Chapter 52 in the court of appeals district; (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the family code, in the court of appeals district for the judge who appointed the associate judge; and (4) a situation in which a writ of mandamus is necessary to protect the Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2018). The court reporter is not a judge, and Runnels does not assert that a writ of mandamus

---

[1] The Respondent is the Honorable Alfonso Charles, judge of the 124th Judicial District Court in Gregg County, Texas. The Real Party in Interest is Domanita Craddock-Neal.

directed to her is necessary to protect this Court's jurisdiction. Consequently, we have no jurisdiction to consider the merits of Runnels's mandamus petition insofar as it pertains to the court reporter. *See id.*; *Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex. 1981).

Second, this proceeding is moot because, on the date of this opinion, we also issued our opinion in Runnels's appeal, which concerned a February 2018 arrearages and contempt order.[2] Contrary to Runnels's assertion, the transcript of the December 5, 2017, hearing was not necessary to the appeal's disposition because that transcript predates the order at issue in the appeal. As a result, Runnels's complaint regarding Respondent's denial of his motion to compel is now moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005); *see also In re Office of Atty. Gen.*, 276 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

Accordingly, after reviewing Runnels's petition, we conclude that he failed to establish any entitlement to mandamus relief. Because this Court lacks mandamus authority over the court reporter, Runnels's petition for writ of mandamus is ***dismissed for want of jurisdiction*** as to any complaints against the court reporter. Runnels's petition for writ of mandamus with respect to Respondent's denial of the motion to compel is ***dismissed as moot***. Opinion delivered March 29, 2019.

*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] *In the Interest of N.V.R., D.A.R., & J.T.R., Children*, No. 12-18-00146-CV (Tex. App.—Tyler March 29, 2018) (slip copy).

(DO NOT PUBLISH)



# COURT OF APPEALS TWELFTH COURT OF APPEALS DISTRICT OF TEXAS JUDGMENT

**MARCH 29, 2019**

**NO. 12-19-00105-CV**

**WILLIAM A. RUNNELS,**
Relator
V.
**HON. ALFONSO CHARLES,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by William A. Runnels; who is the relator in appellate cause number 12-19-00105-CV and a party in trial court cause number No. 2007-2400-B, pending on the docket of the 124th Judicial District Court of Gregg County, Texas. Said petition for writ of mandamus having been filed herein on March 20, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction in part and dismissed as moot in part**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*